On respondent's reconsideration filed April 4, reconsideration allowed, former opinion (62 Or App 92, 659 P2d 995) modified; judgment affirmed May 11, 1983

## PORT OF PORTLAND,
*Appellant,*

*v.*

## BRADY-HAMILTON STEVEDORE CO.,
*Respondent.*

(A7905-02423; CA A22438)

662 P2d 790

Barbee B. Lyon, and Tonkon, Torp, Galen, Marmaduke & Booth, Portland, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant petitions for reconsideration, claiming that under the facts of this case, a retrial is unnecessary. We remanded the case for retrial, because we could not determine from the general verdict that defendant was awarded its damages under a theory which was properly submitted to the jury. 62 Or App 92, 659 P2d 995 (1983). We still have that dilemma but conclude that plaintiff was not prejudiced.

We noted in our opinion that defendant's third count, if construed as one for breach of express contract to furnish a crane in working order, was unsupported by evidence and should not have been submitted. Because, however, we also held that under the second count in warranty, such a promise was to be implied, no prejudice could have resulted from its submission.

■ We held that plaintiff's first count in negligence was barred by the two-year statute of limitations, ORS 12.110(1). The only relevant consequence of the alleged negligence was the failure of the crane to perform as warranted. Accordingly, on a retrial limited to a theory of breach of warranty, defendant could prevail without the evidence of negligence, because it is conceded that the crane, in fact, did not perform in the manner contemplated by the parties. Plaintiff could not have been prejudiced by the introduction of evidence of negligence, which merely explained the manner in which the warranty was probably breached.

■ Ordinarily, the submission to a jury of a claim unsupported by evidence or barred by the statute of limitations will require a new trial when it cannot be determined upon which theory the jury returned its verdict. Under the facts of this case, however, the improperly submitted counts were either redundant or explanatory of the count upon which plaintiff could prevail. We now agree with defendant that a retrial is unnecessary.

Petition for reconsideration allowed; former opinion modified; judgment affirmed.