Argued and submitted March 22, reversed and remanded July 3, 1985

SOMMERFELDT et al,
*Appellants,*

*v.*

TRAMMELL et al,
*Respondents.*

(A8205-03290; CA A32748)

702 P2d 430

Steven W. Seymour, Portland, argued the cause for appellants. With him on the brief was Samuels, Samuels, Yoelin & Weiner, Portland.

Gerald R. Pullen, Portland, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

In this legal malpractice action, plaintiffs appeal from an amended judgment dismissing their complaint for failure to state a claim. We reverse.

In May, 1982, plaintiffs filed a complaint for professional negligence. In September, 1982, defendants moved to dismiss on the ground that the complaint failed to state ultimate facts sufficient to constitute a claim. In December, 1982, the court entered an order allowing defendants' motion and giving plaintiffs 10 days to plead further. In February, 1983, plaintiffs filed an amended complaint that alleged that plaintiffs and defendants had an attorney-client relationship, that defendants assumed the responsibility to analyze and evaluate a lease agreement for plaintiffs, that plaintiffs relied on defendants for interpretation, analysis and evaluation of each and every portion of that lease, including paragraph 17,[1] that defendants misinformed them that the option to renew in that paragraph was subject to an increase in the rent on the basis of the change in the Consumer Price Index between August 1, 1978, and December 31, 1983, and that, as a result of defendants' misinforming plaintiffs of the effect of the language in the paragraph, plaintiffs were damaged in the amount of $102,204 or more. In February, 1983, defendants moved to dismiss the amended complaint on the ground that it still did not state ultimate facts sufficient to constitute a claim. In March, 1983, the court dismissed the amended

---

[1] "17. OPTION TO RENEW. Lessor grants to Lessee an option to renew this lease to the herein demised premises for a period of five years, beginning on the first day of January, 1984; monthly rental to be determined as hereinafter provided; said lease to be subject to all of the terms and conditions herein stated except as to a further option to extend the term hereof. In order to avail himself of said option, Lessee must have lived up to and served the timely performance of all of the covenants and obligations by Lessee undertaken herein, and must on or before the first day of September, 1983, have given written notice to the Lessor of his election to exercise this option. In the event Lessee exercises the option to renew this lease as herein provided, the monthly rental shall be adjusted in the same proportion as the Consumer Price Index for all Urban Consumers published by the United States Department of Labor Statistics for the last month of the original lease term bears to the Consumer Price Index for All Urban Consumers figure for September, 1983.

"In no event shall the rent be less than the monthly rental amount set forth in this lease."

complaint with prejudice and in July, 1984, entered an amended judgment dismissing the complaint.

Defendants argue that the trial court's dismissal with prejudice can be upheld on any of three grounds: (1) any damages were so remote and speculative as to be unrecoverable as a matter of law, because the action was initiated in 1982 and no damages could occur until the lease was renewed, if ever, on September 1, 1983; (2) as a corollary to that argument, plaintiffs did not plead a justiciable controversy and were seeking an unconstitutional advisory opinion; and (3) the paragraph which defendants allegedly analyzed inaccurately was so understandable and straightforward that defendants had "no duty to advise what it legally meant."

The trial judge apparently relied on defendants third ground[2] in granting the motion to dismiss. We consider all of defendants' arguments, because we must affirm the trial court if, notwithstanding its actual reliance on an erroneous reason, its ruling that the complaint does not state a claim is correct. However, we are not persuaded by any of defendants' arguments.

■　　The remote and speculative damages argument and the lack of a justiciable controversy argument are essentially the same. Although those arguments might have carried some weight before September 1, 1983, they no longer provided a basis for dismissing the action when the judgment was entered in 1984.

We also disagree with defendants' other argument, relied on by the trial court, that they had no duty to use due care when interpreting a lease provision for their clients if the language involved was clear to and understandable by a lay person. Plaintiffs' amended complaint alleges that an attorney-client relationship existed and that defendants assumed responsibility to analyze and evaluate the lease and

---

[2] "This matter coming on regularly before the Court on the defendants['] motion to dismiss, plaintiffs appearing by Steven W. Seymour, defendants appearing by Gerald R. Pullen, and the Court being of the opinion that defendants['] contention was well taken that the language of said lease is so clear and in plain English that a lay person can understand it without legal assistance, and therefore there was no duty between plaintiffs and defendants as a matter of law." (Sentence fragment in original.)

advise them as to its meaning. It also alleges that they relied on defendants' mistaken analysis of paragraph 17. (When plaintiffs brought the lease to defendants, they were contemplating purchasing the building which was the subject of the lease.) Because this case comes to us on a motion to dismiss, we accept the facts pleaded by plaintiff as true. *Sager v. McClenden,* 296 Or 33, 35, 672 P2d 697 (1983).

Once a client entrusts a legal matter to an attorney, the attorney has a duty to use that care, skill and diligence that would ordinarily be used by lawyers in the community in similar circumstances. Whether language in a legal document is so simple as to have some bearing on the standard of care a lawyer must exercise when analyzing it might, in some instances, raise an issue for the trier of fact. However, it would make no sense to say that a lawyer has no duty to a client when analyzing simple language in a legal document. Defendants claim that that language of paragraph 17 is so simple that any person should be able to "understand that if the lease option is renewed, the new rental is increased in the proportion the Consumer Price Index of September, 1983, bears to the CPI for the last month of the lease, which is plainly stated to be the month of December, 1983." However, plaintiffs allege that defendants analyzed that provision and informed them that the rental increase on renewal would be based on the change in the Consumer Price Index between August 1, 1978, and December 31, 1983. The facts alleged by plaintiffs in their amended complaint were sufficient to withstand a motion to dismiss for failure to state a claim.[3]

Reversed and remanded.

---

[3] We express no opinion about whether plaintiffs' damages were caused by defendants' mistaken analysis or by the apparent drafting error in the lease of specifying September, 1983, instead of August, 1978, as the proper date for measuring the change in the CPI.