Argued and submitted April 16, 1986, resubmitted In Banc November 4, 1986, affirmed March 18, 1987

## CHILDERS,
### aka Janelli,
*Respondent,*

*v.*

## SPINDOR,
*Appellant.*

(16-84-04654; CA A36636)

733 P2d 1388

Thomas M. Christ, Eugene, argued the cause for appellant. With him on the briefs were Ralph F. Cobb, and Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Alexander A. Wold, Jr., Eugene, argued the cause for respondent. With him on the brief was Dwyer, Simpson & Wold, P.C., Eugene.

DEITS, J.

**DEITS, J.**

This malpractice case arose out of defendant's legal representation of plaintiff in the dissolution of her marriage to Janelli. After the dissolution trial, plaintiff filed this malpractice action contending that as a result of defendant's negligence in representing her in the dissolution trial, defendant failed to offer sufficient proof of various financial matters between the parties which resulted in Janelli receiving a disproportionately large share of the marital assets.[1] The jury returned a general verdict for plaintiff. Defendant appeals arguing that the court erred in failing to grant his motions for directed verdict on plaintiff's claim for relief and on each specification of negligence.[2] We affirm.

---

[1] Her complaint alleged defendant acted negligently in one or more of the following particulars:

"1. In failing to present sufficient evidence at trial as to the 1976 value of the Janelli 60-acre ranch;

"2. In failing to present sufficient evidence at trial as to the 1982 value of the Janelli 60-acre ranch;

"3. In failing to inform Plaintiff that it would be necessary to establish the 1976 and 1982 valuation of the property in order to prove her valuation and to present evidence at trial to establish the increase in value of that property;

"4. In failing to take a deposition of Mr. Janelli, which resulted in the Defendant's not being prepared for trial in that he did not then know what Mr. Janelli's position would be regarding valuations of property;

"5. In failing to prove at trial a transfer of approximately $60,000 from Plaintiff's restaurant supply business to Mr. Janelli's holdings;

"6. In failing to inform the Court and argue to the Court that the valuation of the ranch equipment by the Court was incorrect in that it was less than both parties testified to at trial and, further that the court had apparently made an arithmetic error.

"7. In failing to prepare properly for trial, including development of proper evidence of valuation, the subpoenaing of witnesses necessary to support Plaintiff's position on valuation, and counselling of the Plaintiff; and

"8. In failing to prove to the Court the $71,096.04 indebtedness of Mr. Janelli at the time of the marriage, which was reduced and eliminated by Mrs. Janelli."

[2] Plaintiff argues that defendant's motion for directed verdict on the individual specifications of negligence was improper. Technically, plaintiff is correct and defendant should have requested peremptory instructions. *See Northwest Pacific Indemnity Company v. Junction City Water Control District,* 296 Or 365, 677 P2d 671 (1984). However, since the effect of a peremptory instruction and a directed verdict is the same in that both remove issues from the jury's consideration, *Hoekstre v. Golden B. Products,* 77 Or App 104, 712 P2d 149 (1985), *rev den* 300 Or 563 (1986), we treat defendant's motion as one for peremptory instructions for the purposes of review.

■■     Defendant asserts that his motions for directed verdict should have been granted because plaintiff did not present adequate expert testimony to establish the relevant standard of care for an attorney in this type of case. In most negligence actions against professionals, expert testimony is necessary to inform the jury of the applicable standard of care. *Getchell v. Mansfield,* 260 Or 174, 489 P2d 953 (1971). A jury generally is not able to determine what is reasonable conduct for a professional without such testimony. There are some instances when the breach of the duty of care is within the ordinary knowledge and experience of lay persons and in such cases a jury could determine the reasonableness of professional conduct without expert testimony. An example of a situation in which expert testimony is generally not required to prove legal negligence is when an attorney allows a statute of limitations to run. *Collins v. Greenstein,* 61 Haw 26, 595 P2d 275 (1979). This case involves the degree of skill and care an attorney must use in preparing for trial, presenting evidence and communicating with a client or court. This standard generally is not within the knowledge or experience of a lay juror and thus, at least some general expert testimony on the standard was required.

Defendant argues that the expert testimony which plaintiff did present was inadequate because it did not address the standard of care expected of competent attorneys in Klamath Falls, where defendant practiced law, but instead addressed a statewide standard. Plaintiff's expert did not specifically testify as to a standard of care in Klamath Falls but testified as to a general standard of care of an Oregon lawyer.

Generally, the courts of this state have discussed the standard of care in legal malpractice cases as "that care, skill and diligence which would ordinarily be used by lawyers in his community or similar community under similar circumstances." *Arp v. Kerrigan,* 287 Or 73, 88, 597 P2d 813 (1979); *see also Sommerfeldt v. Trammell,* 74 Or App 183, 702 P2d 430 (1985). However, the question of whether the standard of care in legal malpractice cases is specific to a local community or involves the statewide legal community has not been directly at issue.[3]

---

[3] The ultimate issue in *Arp* was whether the jury instruction given by the court sufficiently outlined the skill and knowledge required of an attorney. The jury found

■ ■   We conclude that the size and nature of the legal community in which a lawyer practices may vary. Accordingly, the appropriate proof of the community standard of care for a specific lawyer or case may vary. The jury could find from plaintiff's evidence that the appropriate standard of care in this case was the same for the entire state. If defendant wished to contend that the standard of care was different in the particular community in which he practiced, it was for him to challenge plaintiff's evidence by presentation of other evidence. There was sufficient evidence for the issue to be considered by the jury.

Affirmed.

---

the defendant attorney free of negligence. Plaintiff appealed because the trial court refused to find defendant negligent as a matter of law and grant a directed verdict. Plaintiff claimed that the trial court erred in failing to give plaintiff's requested jury instruction. The court recognized that the requested instruction was more detailed than the one given but held that the instruction given was sufficient to inform the jury of the nature of the duty defendant owed plaintiff. The geographical breadth of the standard of care was *not* at issue.