Argued and submitted June 5, reversed and remanded December 30, 1987

HIRSCHEY et al,
*Appellants,*

*v.*

MENLOW et al,
*Respondents.*

(16-86-01630; CA A41904)

747 P2d 402

Robert D. Woods, Eugene, argued the cause for appellants. With him on the briefs was Cass, Scott, Woods & Smith, Eugene.

Charles O. Porter, Eugene, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Warren, Judge.

BUTTLER, P. J.

### BUTTLER, P. J.

Plaintiffs appeal from a judgment dismissing their complaint for failure to state ultimate facts sufficient to constitute a claim. Because we conclude that the complaint states a claim under the federal statutes regulating electronic surveillance, we reverse and remand.

We assume that the facts pleaded in plaintiffs' complaint are true. *Sommerfeldt v. Trammell*, 74 Or App 183, 187, 702 P2d 430 (1985). Plaintiffs are members of the Elks Lodge in Eugene. Defendant Menlow is a former member of the lodge who had been expelled for "violation of the rules and regulations of the lodge." The remaining defendants are members of the lodge. On April 24, 1985, a meeting was held at the lodge for the purpose of discussing a legal action in which defendants in this case were the plaintiffs, and plaintiffs in this case were the defendants. Defendants planned to record the conversations at the meeting surreptitiously and to disclose the recording to Menlow and to the attorney for the defendants in the prior litigation. During the meeting, the members discussed a settlement of the action then pending. Defendant Jones recorded the discussion and disclosed the recording to the other defendants and their counsel.

Plaintiffs allege a violation of the Federal Wiretap Act, Title III of the Omnibus Crime Control and Safe Streets Act, 18 USC §§ 2510-2520. Section 2511 provides, in pertinent part:

"(1) Except as otherwise specifically provided in this chapter any person who—

"(a) willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire or oral communication;

"* * * * *

"shall be fined not more than $10,000 or imprisoned not more than five years, or both."

Section 2520 provides:

"Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept,

disclose, or use such communications, and (2) be entitled to recover from any such person—

> "(a) actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher;
>
> "(b) punitive damages; and
>
> "(c) a reasonable attorney's fee and other litigation costs reasonably incurred.

"A good faith reliance on a court order or on the provisions of section 2518(7) of this chapter shall constitute a complete defense to any civil or criminal action brought under this chapter."[1]

Those statutes create a civil remedy for the interception, disclosure or use of an oral communication. The act provides that certain activities are exempt from its operation, including the interception, under particular circumstances, of a communication to which the interceptor is a party:

> "It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire or oral communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception *unless* such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State or for the purpose of

---

[1] The relevant definitions are contained in section 2510, which provides, in pertinent part:

"As used in this chapter—

"(2) 'oral communication' means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation;

"* * * * *

"(4) 'intercept' means the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device.

"(5) 'electronic, mechanical, or other device' means any device or apparatus which can be used to intercept a wire or oral communication other than—

"(a) any telephone or telegraph instrument, equipment or facility, or any component thereof, (i) furnished to the subscriber or user by a communications common carrier in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business; or (ii) being used by a communications common carrier in the ordinary course of its business, or by an investigative or law enforcement officer in the ordinary course of his duties;

"(b) a hearing aid or similar device being used to correct subnormal hearing to not better than normal."

committing any other injurious act." 18 USC § 2511(2)(d). (Emphasis supplied.)

Because Jones was a party to the communication that he is alleged to have intercepted, the question is whether he intercepted the communications for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any state or for the purpose of committing any other injurious act.

Plaintiffs argue that defendants' alleged conduct is a violation of ORS 165.540(1)(e):

"(1)  Except as otherwise provided in ORS 133.724 or subsections (2) to (6) of this section, no person shall:

"* * * * *

"(e)  Use or attempt to use, or divulge to others any conversation, telecommunication or radio communication obtained by any means prohibited by this section."

ORS 165.540(1)(c) prohibits the conduct alleged to have been committed by defendants:

"(1)  Except as otherwise provided in ORS 133.724 or subsections (2) to (6) of this section, no person shall:

"(c)  Obtain or attempt to obtain the whole or any part of a conversation by means of any device, contrivance, machine or apparatus, whether electrical, mechanical, manual or otherwise, if all participants in the conversation are not specifically informed that their conversation is being obtained."

The definition of a "conversation" is set out in ORS 165.535(1):

" 'Conversation' means the transmission between two or more persons of an oral communication which is not a telecommunication or a radio communication."

Violation of the statute is a Class A misdemeanor. ORS 165.540(7).

Plaintiffs' complaint alleges that Jones intercepted the communications at the April 24 meeting without informing all of the participants at the meeting that he was doing so, that he did so for the purpose of disclosing its contents and that he disclosed the recorded conversation to the other defendants and their counsel for use in the pending litigation.

Therefore, plaintiffs have alleged conduct that, if proven, violates ORS 165.540. Accordingly, defendants do not fall under the exception of 18 USC § 2511(2)(d), which protects a person who is a party to the communication from the operation of the federal law unless that person is alleged to have intercepted the communication for the purpose of committing a criminal act in violation of the laws of this state.[2]

Because plaintiffs' complaint states a claim for relief under the Federal Wiretap Act, the trial court erred in granting defendants' motion.

Reversed and remanded.

---

[2] Because we conclude that plaintiffs have alleged that defendants intercepted their communication for the purpose of committing a criminal act, we do not address plaintiffs' alternative argument that defendants' conduct was an "injurious act" under 18 USC § 2511(2)(d). *See Boddie v. American Broadcasting Companies, Inc.,* 731 F2d 333 (6th Cir 1984), *Moore v. Telfon Communications Corp.,* 589 F2d 959 (9th Cir 1978).