Argued and submitted May 26, 1987, affirmed on appeal and on cross-appeal
April 6, 1988

BECKER et al,
*Respondents - Cross-Appellants,*

*v.*

PORT DOCK FOUR, INC.,
*Defendant,*

KURT CARSTENS, P.C., et al,
*Appellants - Cross-Respondents.*

(84-0232; CA A40754)

752 P2d 1235

Peter L. Barnhisel, Corvallis, argued the cause for appellants - cross-respondents. On the briefs was Fenner, Barnhisel, Willis and Barlow, Corvallis.

Mark McCulloch, Portland, argued the cause for respondents - cross-appellants. With him on the brief was Powers, McCulloch & Bennett, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiffs Becker and Silmot, Inc., brought this legal malpractice action against defendant Carstens (defendant) for his failure to include certain conditions in the deed by which the Beckers conveyed real property to defendant Port Dock Four, Inc.[1] The Beckers retained ownership of the parcel adjoining that property, and Silmot continued to operate a restaurant on the land which the Beckers retained.[2] Under the land sale contract between the Beckers and Port Dock Four, the purchaser was required to convey a five-foot strip of the property to the City of Newport, which would in turn credit plaintiffs with 14 parking spaces.[3] The contract also specified that the Beckers would retain an easement which, together with a stairway which was to be installed, would provide access by foot from the conveyed property to the restaurant.

Although defendant drafted the contract, he neglected to include the parking space and easement conditions in the deed which he prepared. Port Dock Four built condominiums on the deeded property. As a result of defendant's failure to include the conditions in the deed, plaintiffs lost their rights in the easement, the stairway and the parking space credit after Port Dock Four sold a condominium unit abutting the easement to a third party. Defendant does not contest on appeal that he was negligent and that his negligence resulted in plaintiffs' loss of the rights.

The jury found that the loss of value to the real property and the business resulted in $26,500 damages to the Beckers and $85,000 to Silmot. Those amounts were reduced in accordance with the jury's finding that plaintiffs, who did not read the deed before executing it, were seven percent comparatively negligent. Defendant appeals and makes seven assignments of error, all relating to damages. Plaintiffs cross-

---

[1] The action was dismissed by stipulation as to Port Dock Four, Inc. Carstens' professional corporation, as well as Carstens individually, is a defendant. For purposes of this opinion, it is unnecessary to distinguish between the two.

[2] The Beckers own the stock of Silmot.

[3] The city requires businesses to maintain a specified number of parking places. A business which fails to do so is subject to a $175 a year fine for each required space which it does not provide.

appeal, contending that the comparative fault defense should have been stricken.[4]

■     Defendant's first two assignments challenge the trial court's denial of his motions for a directed verdict made at the close of plaintiffs' case and at the close of the evidence. Defendant contends that plaintiffs' proof of damages was speculative, internally inconsistent and unsupported by data and was therefore insufficient to go to the jury. We disagree. At the most, defendant's argument demonstrates that the jury *could* have found that evidence which he produced and evidence which plaintiffs could have but did not produce was more persuasive than the evidence that plaintiffs did present. However, defendant does not show that plaintiffs' actual evidence was inadequate to support the verdict.

His third, fourth and fifth assignments, which ascribe error to the court's overruling of his objections to specific testimony, are grouped for argument in his opening brief with the first and second assignments. *See* ORAP 7.19(4). Insofar as those assignments make essentially the same point as the first two, they are without merit for the same reasons. The other points raised in these assignments, pertaining to the qualification of the witnesses and the foundation for their testimony, also are without merit. The trial court did not abuse its discretion in holding that the witnesses were qualified and their opinions were supported by adequate foundations.

■     In his sixth assignment, defendant contends that the court erred by not striking the testimony of and by allowing plaintiffs' expert, Abel, to testify over objection to the amount of the diminution of the property value which resulted from the loss of the stairs and to the diminution of the restaurant's business value resulting from the loss of the parking places. Defendant argues that the expert's testimony should have taken the form of a statement of the fair market value of the property before the loss and the fair market value after the loss and that "it's up to the trier of fact to determine what the difference is." He relies on *Brink et ux v. Multnomah County,*

---

[4] After the deed was executed, plaintiffs sold the property and the restaurant to Peter and Priscilla Wu. Peter Wu was among the witnesses who testified concerning damages.

224 Or 507, 515, 356 P2d 536 (1960), where the court referred to the "rule recognized in our cases that a witness may not testify directly as to the amount of damages." Under OEC 704, the rule is now the opposite and permits "[t]estimony in the form of an opinion or inference," even though "it embraces an ultimate issue to be decided by the trier of fact." Defendant's alternative argument for excluding the testimony is that the expert did not in fact base his opinion on the pre- and post-loss fair market values. However, Abel's testimony as to the cost of the stairs was appropriate evidence of damages.

■    Defendant's remaining assignment is that the trial court erred by denying his motion to strike plaintiffs' claimed damages for the potential, but as yet unassessed, city penalty for not maintaining the parking spaces. *See* n 3, *supra*. The motion was made on the grounds that there was no evidence that the penalty would be imposed or, if it was, how it would affect the value of the business. We do not agree that there was insufficient evidence of those facts.[5]

We turn to plaintiffs' cross-appeal. They argue:

> "[A]s a matter of law, thus, plaintiffs cannot be charged with failing to supervise the preparation of the deed because this was the very task entrusted upon defendant. As a matter of fact, plaintiffs' failure to read and detect the omissions in the deed cannot constitute negligence for two reasons: First, they did read the contract which gave them the rights they wanted and they felt assured they were thereby protected. Second, they didn't read the deed, but even if they had read the deed the omissions would have meant nothing to them because the merger and cancellation effects of the deed, both legal effects, were unknown to plaintiffs."

The only Oregon case that either party cites in which a contributory or comparative negligence defense was raised in a legal malpractice action is *Daskalos v. Kell,* 280 Or 531, 571 P2d 141 (1977). The alleged contributory negligence there was that the client approved certain figures and computations which the attorney had communicated to him, in connection with a stock purchase under a buyout agreement, without indicating that he "felt such figures were incorrect, if they

---

[5] The assignment of error does not raise, and we do not decide, the question of whether an unimposed penalty of this kind can be recovered as damages as a matter of law.

were so." 280 Or at 541. However, those figures apparently would not have been incorrect under one of the two purchase price formulae established by the agreement, and the client alleged that he relied on the attorney's incorrect legal advice that the applicable formula was the one under which the figures would have been proper.

The jury in *Daskalos* found for the client. The trial judge ordered a new trial, on the ground that the client "was 'as a matter of law also negligent' and was therefore barred from recovery." 280 Or at 533.[6] The Supreme Court reversed, noting that there was evidence from which the jury could find that the client had understood at all relevant times that the figures with which he was provided were "based upon the formula applicable under the terms" of the agreement and that he was unaware that the other formula was the correct one or that the purchase price "included items which would have been improper" had the correct formula been applied. The court concluded that, if the jury so found, it could also find that the client "was not guilty of contributory negligence." 280 Or at 541.

Although no comparative fault defense was presented in *Sommerfeldt v. Trammell,* 74 Or App 183, 702 P2d 430 (1985), that case is also relevant. The attorney there moved to dismiss the client's complaint for failure to state a malpractice claim, on the ground that the contractual provision about which the attorney allegedly misadvised the client "was so understandable and straightforward that defendants had 'no duty to advise what it legally meant.' " 74 Or App at 186. The trial court allowed the motion, and we reversed. We noted, however:

> "Whether language in a legal document is so simple as to have some bearing on the standard of care a lawyer must exercise when analyzing it might, in some instances, raise an issue for the trier of fact. However, it would make no sense to say that a lawyer has no duty to a client when analyzing simple language in a legal document." 74 Or App at 187.

The common premise of the attorneys' arguments in *Sommerfeldt v. Trammell, supra,* and here is that the relative

---

[6] *Daskalos* was submitted to the jury on the theory that contributory negligence is an absolute bar to recovery rather than under the current comparative fault statutes.

responsibilities of attorney and client are somehow proportional to the complexity of the matter about which the lawyer is consulted and the degree to which the client could have handled the matter without the lawyer's assistance. That premise is a disturbing one, insofar as it suggests that a lawyer's risk of liability is less if he commits mistakes in dealing with easy matters rather than with difficult ones. However, defendant's argument differs from the attorney's in *Sommerfeldt* in a significant particular: The essence of the defense in this case is not that the clients relied on defendant's *legal* expertise in connection with something which they *could* have figured out for themselves, but that they failed to take a reasonable precaution to assure that data of which they were aware was included in the document which the lawyer prepared.

■  We conclude that the comparative fault issue was properly submitted to the jury here. That conclusion may be compelled by *Daskalos v. Kell, supra,* where the lawyer's contributory negligence defense was sent to the jury. The defense in that case was analogous to defendant's here: both alleged neglect on the clients' part in failing to take appropriate care to correct the lawyers' errors. The propriety of submitting the defense was not addressed directly in *Daskalos.* However, the rationale for the court's holding that there was evidence from which the jury could have found for either party on the defense implies that the court regarded the question as one which was properly before the jury.

Even if *Daskalos v. Kell, supra,* is not controlling, the conclusion that a comparative fault defense should be available under facts of the kind here is more compelling than the contrary conclusion. Legal malpractice *is* a form of negligence. In other negligence contexts, findings of comparative fault can be based on the plaintiff's failure to take reasonable measures which might have prevented or reduced the injury caused by the defendant's negligence. We discern no convincing reason why that should not be true in this context.

It may well be correct, as plaintiffs suggest, that a client cannot be contributorily negligent, as a matter of law, for relying on a lawyer's erroneous legal advice or for failing to correct errors of the lawyer which involve the exercise of professional expertise. However, contrary to their understanding,

the negligent omission alleged against plaintiffs is not of that sort. They failed to read a document before signing it and, as a possible result, neglected to call the lawyer's attention to the fact that he had omitted data which was very much within plaintiffs' knowledge. They were in as good a position as he to know that something was missing.

We therefore reject plaintiffs' contention that, as a matter of law, they cannot be chargeable with negligence for the omissions in the document which they hired defendant to prepare. We also disagree with their argument that their unfamiliarity with the doctrine of merger by deed means, as a matter of law, that their reading the deed *could not* have resulted in its correction. It is not certain, as a matter of fact, that plaintiffs' understanding of the relative legal effects of the contract and the deed would have caused them to disregard the missing information in the deed, had they discovered it. The jury's estimation of whether and to what extent plaintiffs were at fault could be, and perhaps was, affected by any relationship which it found between their lack of legal knowledge and the likelihood that their reading the deed would have made a difference.[7] However, that was a question for the jury.

Affirmed on appeal and on cross-appeal.

---

[7] We reiterate that the jury attributed 93 percent of the fault to defendant and seven percent to plaintiffs.