On appellant's petition for reconsideration filed April 22, 1987, reconsideration allowed, former opinion (84 Or App 407, 733 P2d 1388) withdrawn and reversed and remanded May 11, 1988

CHILDERS,
aka Janelli,
*Respondent,*

*v.*

SPINDOR,
*Appellant.*

(16-84-04654; CA A36636)

754 P2d 599

Thomas M. Christ, and Mitchell, Lang & Smith, Portland, for petition.

No appearance *contra.*

DEITS, J.

## DEITS, J.

Defendant has filed a petition for review of our decision in this case. 84 Or App 407, 733 P2d 1388 (1987). We treat the petition as a petition for reconsideration. ORAP 10.10. We are persuaded that we did not address the question actually presented and, had we done so, we would have reversed and remanded the judgment.[1] We therefore allow reconsideration, withdraw our former opinion *in toto,* reverse the judgment and remand the case for trial.

This malpractice case arose out of defendant's legal representation of plaintiff in the dissolution of her marriage to Janelli. After the dissolution trial, plaintiff filed this action, contending that, as a result of defendant's negligence in representing her in the dissolution trial, plaintiff failed to offer sufficient proof of various financial matters between the parties, which resulted in Janelli's receiving a disproportionately large share of the marital assets.[2] The jury returned a general verdict for plaintiff. Defendant appeals, arguing that the court

---

[1] Our earlier opinion addressed the issue of whether the standard of care for an attorney is specific to a local community or involves the statewide legal community. Because of our disposition of the case, it is not now necessary to address this issue.

[2] Her complaint alleged that defendant had acted negligently in one or more of the following particulars:

"1. In failing to present sufficient evidence at trial as to the 1976 value of the Janelli 60-acre ranch;

"2. In failing to present sufficient evidence at trial as to the 1982 value of the Janelli 60-acre ranch;

"3. In failing to inform Plaintiff that it would be necessary to establish the 1976 and 1982 valuation of the property in order to prove her valuation and to present evidence at trial to establish the increase in value of that property;

"4. In failing to take a deposition of Mr. Janelli, which resulted in the Defendant's not being prepared for trial in that he did not then know what Mr. Janelli's position would be regarding valuations of property;

"5. In failing to prove at trial a transfer of approximately $60,000 from Plaintiff's restaurant supply business to Mr. Janelli's holdings;

"6. In failing to inform the Court and argue to the Court that the valuation of the ranch equipment by the Court was incorrect in that it was less than both parties testified to at trial and, further that the court had apparently made an arithmetic error.

"7. In failing to prepare properly for trial, including development of proper evidence of valuation, the subpoenaing of witnesses necessary to support Plaintiff's position on valuation, and counselling of the Plaintiff; and

"8. In failing to prove to the Court the $71,096.04 indebtedness of Mr. Janelli at the time of the marriage, which was reduced and eliminated by Mrs. Janelli."

erred in failing to grant his motions for directed verdict on plaintiff's claim for relief and on each specification of negligence.[3]

■■ Defendant asserts that his motions for directed verdict should have been granted, because plaintiff did not present adequate expert testimony to establish the relevant standard of care for an attorney in this type of case. In most negligence actions against professionals, expert testimony is necessary to inform the jury of the applicable standard of care. *Getchell v. Mansfield,* 260 Or 174, 489 P2d 953 (1971). A jury generally is not able to determine what is reasonable professional conduct without such testimony. There are some instances when the breach of a standard of care is within the ordinary knowledge and experience of lay persons; in such cases, a jury can determine the reasonableness of professional conduct without expert testimony. An example of a situation in which expert testimony is usually not required is when an attorney allows the Statute of Limitations to run. *See Collins v. Greenstein,* 61 Haw 26, 595 P2d 275 (1979). This case involves what an attorney is supposed to do in preparing for trial, presenting evidence and communicating with a client or the court. Generally, that is not within the knowledge or experience of a lay juror and, in most instances, at least some expert testimony concerning the expert's knowledge of the customary and proper method of handling such legal matters is required.

■ Plaintiff's expert evidence consisted of the testimony of one witness, a practicing attorney. His testimony includes a very general discussion of the practices of attorneys in preparing for trial, presenting evidence and communicating with clients and the court. The testimony on the parameters of acceptable conduct is quite limited. However, except for the fourth specification of negligence, the expert testimony taken together with the presumed general knowledge and experience

---

[3] Plaintiff argues that defendant's motion for directed verdict on the individual specifications of negligence was improper. Technically, plaintiff is correct, and defendant should have requested peremptory instructions. *See NW Pac. Indem. v. Junction City Water Dist.,* 296 Or 365, 677 P2d 671 (1984). However, the effects of a peremptory instruction and a directed verdict are the same in that both remove issues from the jury's consideration. *Hoekstre v. Golden B. Products,* 77 Or App 104, 712 P2d 149 (1985), *rev den* 300 Or 563 (1986). We treat defendant's motion as sufficient for the purposes of review.

of a lay juror, gave the jury sufficient knowledge to make an informed judgment on each specification of negligence.

Plaintiff contends in specification 4 that defendant was negligent in failing to depose Janelli. A lay juror likely would not have much knowledge concerning discovery and, thus, expert testimony explaining discovery and the standard of care in the use of discovery was necessary. Plaintiff's attorney asked the expert, "What obligation or what standard —what duty does an attorney have in the discovery phase? What is discovery, first of all?" The expert explained generally the purpose of discovery and the mechanics of a deposition, but he never discussed the parameters of acceptable conduct or explained a standard of care. Expert testimony was necessary and, therefore, the court erred in submitting that specification to the jury.

Because the jury returned a general verdict for plaintiff, it is not clear on which specification of negligence the jury based its verdict. It is conceivable that the jury based its verdict upon specification 4, which was improperly submitted. Therefore, there must be a new trial. *Pavlik v. Albertson's, Inc.,* 253 Or 370, 454 P2d 852 (1969); *Port of Portland v. Brady Hamilton,* 62 Or App 92, 659 P2d 995, *rev allowed and modified* 63 Or App 146, 662 P2d 790 (1983).

Reconsideration allowed; former opinion withdrawn; reversed and remanded.