# BUTLER,
*Appellant,*

*v.*

# THORPE et al,
*Respondents.*

(A8502-00992; CA A44943)

769 P2d 241

John Toran, Jr., Portland, argued the cause and submitted the brief for appellant.

Susan E. Watts, Portland, argued the cause for respondents. On the brief were Daniel M. Ricks and Kennedy, King & Zimmer, Portland.

Before Joseph, Chief Judge, and Rossman and Deits, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In this legal malpractice action, plaintiff appeals from a judgment entered on a directed verdict for defendants after the jury was unable to reach a verdict and the court had discharged the jury and declared a mistrial. Plaintiff contends that, once the jury had been discharged from its deliberations, the trial court lacked authority to direct a verdict. Defendants make a cross-assignment, contending that the trial court erred in denying their motion for a directed verdict at the close of their case and that the judgment should therefore be affirmed on that ground.[1] Because we agree with defendants, we affirm the trial court and do not reach plaintiff's assignments of error.

Plaintiff alleges in his complaint that, in the underlying medical malpractice claim out of which the purported legal malpractice arose, defendants were negligent in failing to make certain allegations and in failing to request a *res ipsa loquitur* jury instruction. However, during the trial of this case, plaintiff failed to present evidence concerning the standard of care of an attorney in the preparation and trial of a lawsuit and, after the presentation of plaintiff's case, defendants moved for a directed verdict on that ground. The degree of skill and care that an attorney must use in preparing and trying a case is generally not within the knowledge or experience of a lay juror, and expert testimony on the standard of care is required. *Childers v. Spindor,* 84 Or App 407, 410, 733 P2d 1388 (1987). We agree with defendants that the trial court erred in denying their motion for a directed verdict.

Affirmed.

---

[1] A party seeking to sustain a judgment may, without filing a separate appeal, assign as error a ruling made by the trial court as an alternative basis on which to sustain the judgment. *Artman v. Ray,* 263 Or 529, 501 P2d 63, 502 P2d 1376 (1972); *St. Paul Fire and Marine Ins. v. Speerstra,* 63 Or App 533, 536, 666 P2d 255 (1983).