Argued and submitted July 30, reversed on appeal; affirmed on cross-appeal; motion to dismiss cross-appeal denied October 10, 1990

## William L. WALES
### and Phyllis Wales,
*Respondents - Cross-Appellants,*

*v.*

## Richard H. MARLATT,
*Appellant - Cross-Respondent,*

*and*

## CERTIFIED MORTGAGE COMPANY,
*Cross-Respondent.*

(86-141-CV; CA A50728)

798 P2d 713

Donald R. Crane, Klamath Falls, argued the cause and filed the briefs for appellant - cross-respondent.

Clayton C. Patrick, Salem, argued the cause and filed the briefs for respondents - cross-appellants.

No appearance for cross-respondent Certified Mortgage Company.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant Marlatt[1] (defendant) appeals from a judgment in favor of plaintiffs in this professional malpractice action. We reverse.

This action arose as a result of a 1983 transaction in which defendant, an investment counselor, arranged for plaintiffs to purchase for $35,200 a promissory note with a face amount of $40,000 from Commercial Rabbitry and Equipment, Inc. (CRE). The note was secured by a warehouse building that was on leased property and also by a personal guarantee of Garrett, the original holder of the note.[2] Defendant had received a real estate appraiser's letter opinion that, conditioned on refurbishing of the building, its value was between $53,000 and $57,000.

Defendant ran a credit check on the principals and officers of CRE. He did not run a credit check on Garrett. Only five payments were made on the note. Plaintiffs foreclosed on the building, realizing $10,000, and then brought this action alleging that defendant had held himself out as an investment counselor, that they had relied on his expertise in making the investment and that defendant had "breached his duty * * * by failing to adequately investigate the said investment."

Defendant assigns as error the trial court's denial of his motions for directed verdict and judgment notwithstanding the verdict on the ground of insufficient evidence. He argues that expert testimony is required to establish what the reasonable practice is in the community with respect to most charges of negligence against professionals. *Getchell v. Mansfield,* 260 Or 174, 489 P2d 953 (1971); *Childers v. Spindor,* 91 Or App 119, 754 P2d 599 (1988). Defendant contends that plaintiffs presented no evidence of the standard of care required of a professional investment counselor.[3]

---

[1] Defendant Certified Mortgage Company (Certified) has not appeared on appeal.

[2] Garrett had sold a building to CRE.

[3] The trial court held that Exhibit 101 provided some evidence of the standard of care. That exhibit explained Certified's agency and fiduciary relationships to investors, but it did not provide evidence of the standard of care that a professional investment counselor would use in recommending investments.

Plaintiffs argue that expert testimony is not needed if the average juror can understand the issues involved and that the negligence here was within a juror's knowledge and experience. *See Childers v. Spindor, supra,* 91 Or App at 122. The only allegation of negligence was that defendant "fail[ed] to investigate" the investment. Plaintiffs contend that, under that general allegation, the jury could find defendant negligent, because he did not get a formal real estate appraisal, because he did business with a guarantor whom he did not know, and for whom he had no credit history, and because he had no knowledge of the provisions of the lease for the land on which the building was built.

■ We do not agree that, without competent evidence of what a professional investment counselor would have done, a lay jury could determine that defendant's actions were negligent. The extent of investigation and what information should be relied on before advising a client to make an investment secured by collateral are not matters within the common knowledge or experience of a juror. Defendant received a letter opinion regarding the value of the property and testified that he relied on it. Although he did not make a credit check of Garrett, he testified that Garrett's security interest was inferior to that of plaintiffs.[4] There was no evidence that the lease was other than it was represented to be. Without competent evidence that another investment counselor would have handled the transaction differently than defendant did, the jury could not determine whether defendant's conduct met the required level of skill and knowledge. Accordingly, we hold that the trial court erred in not granting defendant's motions for directed verdict and judgment notwithstanding the verdict.

Plaintiffs cross-appeal from the trial court's setting aside a default judgment that was entered in their favor on May 28, 1986. Plaintiffs concede that "the version of ORCP 69B(2) in effect in 1986 required ten days written notice to opposing counsel" before entry of the judgment.[5] They argue, however, that the record does not show that they knew that

---

[4] Defendant testified that his procedures were the normal ones for an investment counselor.

[5] Defendant's motion to dismiss the cross-appeal because of the loss of the tape from the hearing on the motion is denied.

defendant was represented by counsel before their motion for default was signed or before they had submitted their application for judgment.

■    *Former* ORCP 69 applied to anyone required to file a responsive pleading and to any person who fails to appear and defend at trial whether or not represented by counsel. *See Van Dyke v. Varsity Club, Inc.,* 103 Or App 99, 103, 796 P2d 382 (1990). Even if plaintiffs did not know that defendant had counsel, *former* ORCP 69 required that a defendant be given 10 days' written notice of the intent to apply for judgment. That requirement was not met. There was no error in setting aside the default judgment.[6]

Reversed on appeal; affirmed on cross-appeal; motion to dismiss cross-appeal denied.

---

[6] We do not agree with plaintiffs' argument that the trial court abused its discretion in setting aside the order of default, even if it was correct in setting aside the judgment. There was no abuse of discretion.