Argued and submitted November 22, 1996, reversed and remanded March 19, 1997

Larry J. VANDERMAY
and Tamara Vandermay, husband and wife,
and Flying Dutchman Enterprises,
an Oregon corporation,
*Appellants,*

*v.*

Paul D. CLAYTON,
*Respondent.*

(92-2104; CA A91235)

935 P2d 1221

Jeanyse R. Snow argued the cause for appellants. With her on the opening brief was McCallister & Snow.

Barbara Johnston argued the cause for respondent. With her on the brief was Larry A. Brisbee.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiffs appeal from a directed verdict for defendant in this legal malpractice action. They assert, first, that the trial court improperly excluded the testimony of their expert witness on the ground that the expert was not qualified to give an opinion about whether defendant's actions were consistent with the applicable standard of care and, second, that several of their specifications of negligence did not require the support of expert testimony. We hold that expert testimony was not necessary as to one of plaintiffs' specifications and therefore reverse.

The plaintiff corporation owned and operated several gasoline stations in Tillamook and Clatsop counties. The individual plaintiffs are its sole shareholders, and defendant was its attorney. When plaintiffs agreed to sell the stations to a third party, defendant represented them in the sale. Plaintiffs wanted an indemnity provision in the sale agreement that would limit their liability for environmental contamination at the Astoria station to $5,000. During the course of the closing the purchaser objected to the indemnity agreement that defendant had drafted. Defendant and the purchaser's attorney then agreed on a modified agreement, which plaintiffs executed.

After the sale, there was a catastrophic gasoline spill at the Astoria station, which led to litigation between plaintiffs and the purchaser concerning responsibility for paying to clean it up. During that litigation two trial courts held that the indemnity agreement was ambiguous on the amount for which plaintiffs could be held responsible. Plaintiffs eventually settled the litigation by agreeing that they and the purchaser would each pay half of the cost of the clean up; plaintiffs' share was over $580,000.

After settling the litigation with the purchaser, plaintiffs sued defendant, alleging that he had been negligent in representing them during the sale of the stations. At trial, their sole expert witness was an attorney who had specialized in environmental law for 25 years. The trial court sustained an objection to his testimony on the ground that he was not aware of the standard of care that applied to an

attorney in a general practice that included the representation of small businesses and thus was not qualified to give an opinion on defendant's actions. The court thereafter granted defendant's motion for a directed verdict on the ground that, without expert testimony, there was no evidence that would permit the jury to find that defendant had been negligent on any of plaintiffs' specifications.

On appeal, plaintiffs argue that the court erred when it rejected the expert's testimony. We do not reach that issue, because we cannot tell from this record what the expert's testimony would have been. OEC 103(1)(b) provides that a ruling that excludes evidence is not a ground for reversal unless "the substance of the evidence was made known to the court by offer or was apparent from the context within which the questions were asked." Plaintiffs did not make an offer of proof, so the question is whether the substance of the evidence was apparent from the context of the questions. We have held that the substance was apparent when the court, in refusing to allow the plaintiff to pursue a line of cross-examination, gave reasons that made it clear that the court understood the substance of what the plaintiff was seeking to show. *Schacher v. Dunne*, 109 Or App 607, 610-11, 820 P2d 865 (1991), *rev den* 313 Or 74 (1992). In this case, however, the context of the questions that the witness was asked does not reveal the substance of his testimony on the merits of plaintiffs' claims.

■ The expert testified about his experience and his knowledge of the appropriate standard of care for attorneys and stated his personal opinion about some of the things that an attorney in defendant's situation should do when confronted with an environmental issue. He did not, however, express any opinion about whether defendant's actions in negotiating and drafting the contract did or did not meet the standard of care or, indeed, refer to those actions at all. As defendant states in his brief:

> "We have no way of knowing whether [the expert's] testimony would have been sufficient to raise a jury question as to whether defendant Clayton acted in accordance with the standard of care. Accordingly, there is no way for this court to consider whether the trial court's exclusion of [the

expert's] testimony would have made a difference in the outcome of the trial."

For these reasons, we cannot hold that any error in excluding the expert's testimony would justify reversal.

Plaintiffs next argue that the court should not have granted defendant's motion for a directed verdict because, even in the absence of expert testimony, there was sufficient evidence for the jury to determine that defendant was negligent in some of the ways that plaintiffs had alleged. We have recognized that some breaches of the standard of care may be within the ordinary knowledge and experience of lay persons, so that expert testimony is not necessary for a jury to determine whether the attorney acted negligently. Allowing the statute of limitations to run is an example of such a situation. *See Childers v. Spindor*, 91 Or App 119, 122, 754 P2d 599 (1988).

■ In this case, plaintiffs alleged that defendant breached his duty

> "by failing to prepare the necessary documentation to see that Plaintiffs' instructions were carried out, in that he either drafted or participated in the drafting of an agreement between Plaintiffs and buyers, which he advised Plaintiffs to sign, that was so ambiguous that it could be construed against the interests of Plaintiffs[.]"

An attorney's failure to carry out the client's specific instructions is like a failure to file a complaint within the period of the statute of limitations. The attorney either did or did not comply, and expert testimony may well not be necessary. In this case, that defendant undertook to draft a contract that limited plaintiffs' liability to $5,000 and that the contract may be ambiguous on whether it did so limit their liability is some evidence that defendant was negligent. Although plaintiffs did not put on their full damages case, there was evidence that defendant's failure caused them some damage. The court should have submitted this specification to the jury.[1]

Reversed and remanded.

---

[1] Plaintiffs also argue that their complaint could be read to state a claim for breach of contract rather than for negligence. They did not make that argument to the trial court, and we therefore do not consider it on appeal.