On respondent's cost bill and petition for attorney fee filed January 7, and appellants' objection to respondent's cost bill and petition for attorney fee filed January 18, costs on appeal; petition for attorney fee denied March 1, reconsideration denied April 15, petition for review denied May 18, 1982 (293 Or 146)

## WALKER,
*Respondent,*

*v.*

## JACOBSEN et al,
*Appellants,*

(No. A7807-12258, CA A20141)

641 P2d 587

Jeffrey A. Babener and McMenamin, Joseph, Babener, Greene & Perris, Portland, for petition.

Dana R. Taylor, Portland, appeared contra for George Jacobsen, Pacific Saw & Knife Company, an Oregon corporation, Columbia Saw Company of California, an Oregon Corporation, and Pacific Saw & Knife Company of Louisiana, Inc., an Oregon corporation.

Before Thornton, Presiding Judge, Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

This matter is before us on appellants' objections to respondent's cost bill and petition for an attorney fee on appeal. Appellants object to the cost bill on the ground that respondent is not the prevailing party; they object to the petition for an attorney fee on the grounds that (1) the agreement sued on does not provide for an attorney fee on appeal; and (2) the attorney fee petitioned for is unreasonable and excessive. We conclude that respondent is entitled to recover costs but not an attorney fee.

Appellants argue that respondent is not entitled to costs because he is not the prevailing party on appeal. This court dismissed the appeal because appellants' brief was not timely filed. We hold that respondent is the prevailing party when an appeal is dismissed. *McCargar v. Moore,* 88 Or 682, 157 P 1107, 171 P 587, 173 P 258 (1918). Appellants urge us to disregard *McCargar,* because it is old. However, its holding has not been overruled, and the cases cited by appellants in support of their position are inapposite. When an appeal is dismissed, the respondent achieves the same result as he would had the case been affirmed on its merits. It can hardly be said that respondent has not prevailed.

On the subject of attorney fees, the agreement of the parties contains the following paragraph:

> "In the event any suit or action is filed or brought to enforce any condition or term of this agreement, the prevailing party shall be entitled to receive from the losing party such costs and attorney fees as the court hearing the matter shall determine proper, including the costs of appeals therefrom."

The language of this paragraph is not ambiguous with respect to the award of an attorney fee on appeal; although it specifically provides for recovery of costs, it does not provide for attorney fees. It has long been the rule in this state that, unless a contract specifically provides for an attorney fee on appeal, none will be allowed. *Blue Ribbons Bldgs. v. Struthers,* 276 Or 1199, 557 P2d 1350 (1976); *McMillan v. Golden,* 262 Or 317, 497 P2d 1166 (1972); *Adair v. McAtee,* 236 Or 391, 385 P2d 621, 388 P2d 748 (1964).

Having decided that respondent is not entitled to an attorney fee by the terms of their agreement, we need not consider whether the fee petitioned for is unreasonable or excessive.

Costs on appeal; petition for attorney fee denied.