On appellants' and respondent's reconsiderations of denial of attorney fees filed January 22, reconsideration allowed, appellants' reconsideration denied, respondent's reconsideration allowed in part, and mandate modified March 22, reconsideration denied April 29, petition for review allowed June 9, 1982
(293 Or 232, 646 P2d 33)

HAZEN et al,
*Appellants,*

*v.*

COOK,
*Respondent.*

(No. 16-80-06719, CA 19800)

642 P2d 318

On appellants' and respondent's reconsiderations of denial of attorney fees filed January 22, 1982. Denial of appellants' attorney fees filed January 8, 1982; denial of respondent's attorney fees filed January 9, 1982.

Terence J. Hammons and Hammons & Mills, Eugene, for appellants' petition.

Michael F. Jarvill and Jarvill & Jarvill, Eugene, for respondent's petition.

Before Thornton, Presiding Judge, and Warden and Young, Judges.

THORNTON, P. J.

## THORNTON, P. J.

Both parties seek reconsideration of our order denying attorney fees to either party on appeal following our decision on the merits. *Hazen v. Cook,* 55 Or App 66, 637 P2d 195 (1981). Respondent, in addition, contends that we erred in designating appellants as the prevailing parties. The situation presented is unusual, so we will explain our reasons for denying any attorney fees.

Appellants are the holders of a promissory note executed by respondent; the note bears an interest rate of 11 percent, which was usurious under the law existing at the time the note was executed and at the time of the trial of this lawsuit. The note provides for attorney fees, including those on appeal. The trial court entered a judgment dismissing plaintiffs' (appellants') complaint and entered judgment against defendant Cook (respondent) in favor of the state for the use of the Lane County common school fund for the principal amount due on the note, without interest.

On appeal to this court, the principal contention was that summary judgment should not have been granted, because there was an issue as to the material fact of the appellants' corrupt intent to charge a usurious rate. We decided that there was no such issue and that the note was usurious. However, after the trial court judgment, but before argument in this court, the legislature substantially revised the usury statutes. Appellants contended that all of the changes were applicable retroactively to the note in question.

For the reasons set forth in our opinion on the merits, we held that the interest rate was governed by the law in effect at the time the note was executed. However, we also held that the legislature's repeal of former ORS 82.120(5), which effected forfeiture of the principal amount of a usurious loan to the state for the use of the county common school fund, was a manifestation of a state public policy against the penalty of forfeiture. We noted that forfeiture did not aid the maker of the note, but only penalized the holder. Because that policy of forfeiture no longer exists and did not affect the rights or obligations of

the maker of the note, we did not apply the repealed forfeiture provision to the note in issue.

The end result of the entire proceeding is that under the trial court judgment the respondent was obligated to pay the principal amount of the note, without interest, but not to the appellants. As a result of our decision, the respondent is still obligated to pay the principal amount of the note, without interest, but is obligated to pay it to the appellants rather than to the state for the use of the county common school fund. It is apparent that, although the appellants "prevailed" in that they recovered their principal from respondent, they also in a sense "prevailed" against a non-party, namely, the county common school fund. Looking at the result from the respondent's side, under both the trial court judgment and our decision, respondent was, and is, obligated to pay the principal amount of the note, without interest. Thus appellants lost all the interest which had accrued on the principal sum. In other words, the respondent prevailed in this court to the extent that the note was held to be usurious, affirming the trial court's decision in that respect, and is not required to pay any more than he was required to pay under the judgment from which the appeal was taken. To conclude that this facet of the result makes respondent the prevailing party would be to ignore the fact that our decree requires respondent to pay back to appellants the principal amount of the note. See *U. S. Nat'l Bank v. Smith,* 292 Or 123, 637 P2d 139 (1981).[1]

Given these peculiar circumstances, and notwithstanding the language in *U.S. Nat'l Bank v. Smith, supra,*

---

[1] In that case, the court said:

"It follows, in our opinion, as contended by plaintiff, that in an action or suit to enforce the provisions of a contract which includes a provision for payment of attorney fees incurred to enforce provisions of the contract, the only question to be determined in deciding which party is entitled to an award of attorney fees on appeal is the question of determining 'the party in whose favor final judgment or decree is rendered,' not whether the appellant has been successful on appeal in obtaining some substantial modification of the judgment or decree as entered by the trial court." *U. S. Nat'l Bank v. Smith,* 292 Or 127-28, 637 P2d 139 (1981).

That statement is clearly correct as a general proposition. However, *Smith* did not involve a note which carried a usurious interest. In this case we do not believe the provision in the note for attorney fees contemplated the circumstances presented here."

we consider it inappropriate and unfair to award attorney fees to appellants in this court. In *Dan Bunn, Inc. v. Brown,* 285 Or 131, 148, 590 P2d 209 (1979), our Supreme Court recently addressed a remarkably similar issue. In *Bunn,* a purchaser had brought an action against the vendors for specific performance of an earnest money agreement for sale of undeveloped land. The trial court entered a decree which included a judgment in favor of purchaser in the sum of $50,000, but denied purchaser's demand for specific performance and found that the contract had been rescinded. Each side claimed that it had prevailed. The Supreme Court resolved the dispute in similar fashion, saying

"* * * we hold that, although the trial court entered a decree which included a judgment in favor of plaintiff in the sum of $50,000, from which plaintiff has appealed, he was not entitled to demand an award of attorney fees by the trial court as the 'prevailing party' under that contract provision of the earnest money agreement.

"For similar reasons, and in view of the $50,000 judgment awarded against them, we hold that the trial court did not err in denying attorney fees to defendants, as also contended by them in their cross-appeal. As we view it, and as a practical matter, there was no 'prevailing party' in the trial court under the facts of this case for the purposes of that provision of the earnest money agreement."

Therefore, we conclude that we erred in designating appellants as the prevailing party; neither party should be so designated. Accordingly, we modify our mandate to so indicate.

We adhere to our former order denying both parties' motions for attorney fees in the Court of Appeals. *Dan Bunn, Inc. v. Brown, supra.*

Reconsideration allowed. Appellants' petition denied; respondent's petition allowed in part; and mandate modified to show neither party as the prevailing party in this court and disallowing costs to both parties.