Submitted on briefs January 22, reversed and remanded June 9, 1982

HAZEN et al,
*Petitioners on review,*

*v.*

COOK,
*Respondent on review,*

(CA 19800, SC 28611)

646 P2d 33

Terrence J. Hammons, Eugene, filed briefs for petitioner on review. With him on the briefs were Hammons & Mills, Eugene.

Michael F. Jarvill, Eugene, filed brief for respondent on review. With him on brief was Jarvill & Jarvill, Eugene.

## MEMORANDUM OPINION.

Plaintiffs sued on a promissory note which provided for recovery of "reasonable attorney's fees" in an action to collect the debt. The trial court found that the note was usurious and entered judgment that the defendants pay the amount of the note to the State of Oregon for use of the Lane County School Fund pursuant to former ORS 82.120(5). The Court of Appeals reversed and remanded for entry of judgment in favor of plaintiff. 55 Or App 66, 637 P2d 195 (1981). The court denied the demand of both parties for attorney fees. 56 Or App 407, 642 P2d 318 (1982). Plaintiffs petition for review of this denial. We allow the petition for review and reverse.

ORS 20.096 provides that the prevailing party, defined as "the party in whose favor final judgment or decree is rendered," is entitled to attorney fees in any action or suit to enforce a contract that provides for such fees to one of the parties.[1] After the mandate of the Court of Appeals to enter a judgment in favor of plaintiffs for the principal amount due under the note, plaintiffs were the prevailing party within the meaning of ORS 20.096(5). They therefore were entitled to reasonable attorney fees. *U.S. Nat'l Bank v. Smith,* 292 Or 123, 637 P2d 139 (1981).[2]

The decision of the Court of Appeals is reversed and remanded for further proceedings consistent with this opinion.

---

[1] ORS 20.096:

"(1) In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and disbursements.

". . . .

"(5) As used in this section and ORS 20.097 'prevailing party' means the party in whose favor final judgment or decree is rendered."

[2] *Dan Bunn, Inc. v. Brown,* 285 Or 131, 590 P2d 209 (1979), cited by the Court of Appeals, is not in point. Plaintiff in that case did not "prevail" in enforcing the contract that provided for attorney fees; instead, plaintiff recovered some money under a subsequent oral agreement. 285 Or at 148.