Argued and submitted April 2, affirmed July 21, 1982

CREDITORS PROTECTIVE ASSOCIATION, INC.,
*Appellant,*
*v.*
BRITT,
*Respondent.*

(No. 196-654, CA A22383)

648 P2d 414

Anthony A. Buccino, Portland, argued the cause for appellant. With him on the brief was Buccino & Uffelman, Portland.

Frank J. Dixon, Portland, argued the cause for respondent. With him on the brief was Sanders & Dixon, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Plaintiff appeals from a judgment of the District Court in favor of defendant on two of defendant's counterclaims.

Plaintiff, a debt collection agency, brought an action to recover $636.88 from defendant on an account originally owed to First National Bank of Oregon and assigned to plaintiff for collection. The amount of the debt was acknowledged by defendant. By counterclaim, defendant raised four allegations of violations of the so-called Unlawful Debt Collection Practices Act (UDCPA), ORS 646.639 *et seq,* and sought " * * * statutory damages of $200, attorneys' fees and court costs * * *" on each. The court directed a verdict against defendant on the first and fourth counterclaims. Allegations of two separate instances of telephoning the defendant at work without her permission constituted the second and third counterclaims. They were submitted to a jury, which found one instance of violation and awarded defendant $200. The contract action was thereafter tried to the court, which found for plaintiff and awarded a judgment for plaintiff in the amount prayed for in its complaint.

Plaintiff appeals from the trial court's denial of its motion for a directed verdict on the issue of damages on the counterclaims, the failure of the court to instruct on injury or damages, and the judgment order establishing the amount of attorney fees.

In support of its contention that the court erred in denying its motion for a directed verdict on the issue of damages, plaintiff argues that being "bothered," "upset" and "scared" by the actions of plaintiff does not constitute actual damages under ORS 646.641(1).

We disagree. The UDCPA was adopted by the 197 legislature and was generally patterned after the Unfair Trade Practices Act (UTPA). Comparing the two statutes we note that each offers monetary damages and each offers injunctive relief. The UTPA provides that a private party who

" * * * suffers any ascertainable loss of money or property, * * * may * * * recover actual damages or $200, whichever is greater. * * *" ORS 646.638.

The UDCPA provides that

> "Any person injured as a result of wilful use or of employment by another person of an unlawful collection practice may bring an action in an appropriate court to enjoin the practice or to recover actual damages or $200, whichever is greater. The court or the jury may award punitive damages, and the court may provide such equitable relief as it deems necessary or proper." ORS 646.641(1).

Thus the damage recovery provisions of the two statutes are similar, but not the same. Under the former, a plaintiff must plead and prove an ascertainable loss of money or property. Under the latter, however, a plaintiff need not prove such loss in order to collect the minimum amount; he need only prove that he was "injured."

*Scott v. Western Int. Sales, Inc.,* 267 Or 512, 517 P2d 661 (1973), dealt with a similar question under the UTPA. The plaintiff, purchaser of a tent, brought an action against the seller claiming that the tent was not as represented. The circuit court rendered judgment for the plaintiff, and the seller appealed, contending, *inter alia,* that the trial court should have granted its motion for nonsuit because the plaintiff failed to prove an ascertainable loss. Our Supreme Court held:

> "The judgment of nonsuit was properly denied. 'Ascertainable' can reasonably be interpreted to mean, capable of being discovered, observed or established. As we have already stated, the amount of the loss is immaterial if only $200 is sought.
>
> "There was evidence of an 'ascertainable loss.' The tent was purchased for $38.86. The inference is that the tent, as represented, had that value. The tent sold did not have some of those represented features. The inference can be drawn that because the tent did not have a window with a closing flap or eaves it had a value of less than $38.86. To repeat, the plaintiff did not have to prove in what amount the value of the tent was reduced because it was not as represented. He merely had to prove he suffered some loss." (Footnote omitted.) 267 Or at 515-16.

*See also Riviera Motors, Inc. v. Higbee,* 45 Or App 545, 609 P2d 369, *rev den* 289 Or 275 (1980).

■ ■   We conclude that the enforcement provision of the law allows the aggrieved debtor to recover at least $200 if she proves some type of injury, including emotional upset. Similar conclusions have been reached by other courts in construing other so-called consumer protection statutes of similar import. *See, e.g., Millstone v. O'Hanlon Reports, Inc.,* 528 F2d 829, 834-35 (8th Cir 1976) ("actual damages" awarded for loss of sleep, nervousness, frustration and mental anguish); *Collins v. Retail Credit Co.,* 410 F Supp 924, 932 (ED Mich 1976) ("actual damages" awarded for loss of reputation, embarrassment and humiliation where statutory action was coupled with libel action); *Rasor v. Retail Credit* 87 Wash 2d 516, 554 P2d 1041 (1976) ("actual damages" not limited to out-of-pocket losses, but as encompassing all elements of compensatory damages, including injury to reputation and mental suffering). If her actual damages are in excess of the minimum statutory amount, she may recover the greater amount.

Plaintiff places reliance on an unreported decision of the United States District Court for Oregon construing the Oregon UDCPA (as well as the parallel federal statute). *Lewis v. United Adjusters, Inc.,* (No. 80-197, Feb. 11, 1981). In *Lewis,* the court, through the United States Magistrate held, *inter alia,* that a plaintiff must plead and prove that he suffered some actual injury attributable to defendant's violation of the act in order to recover statutory damages. We have obtained and perused this decision and find nothing in that holding that is contrary to our conclusion here.

Next plaintiff argues that the trial court erred in its instructions to the jury on this same point, namely, that defendant must prove actual damages or injury. Assuming that plaintiff satisfied the requirements of ORCP 59H in taking its exception to the instruction, it is apparent from the record that the instructions were sufficient to satisfy even plaintiff's narrow interpretation of ORS 646.641.

"Judge:  The allegations are two telephone calls - one September 10, 1979, and a call-back message on September 26, 1979. *The defendant counter-claimant has alleged that these two telephone calls were made contrary to Oregon statutes, that because of these two telephone calls that Ms. Britt suffered actual damage and is entitled to recover*

*a statutory minimum of $200 for each incident.* These allegations have been made by Ms. Britt. *They're not—the fact that they have been made doesn't prove anything. Ms. Britt has the burden of proving these contentions by a preponderance of the evidence.*" (Emphasis added.)

Plaintiff's contention cannot be sustained on this point: under the provision of ORS 646.641 defendant was entitled to recover actual damages or a minimum of $200.

■ Next plaintiff contends that the court abused its discretion in awarding attorney fees to defendant, including fees for time spent in the prosecution of unsuccessful counterclaims. Further, plaintiff contends that the court should have awarded attorney fees to plaintiff for prevailing on a counterclaim that was patently frivolous. Defendant's challenged counterclaim was based on the facts that plaintiff omitted the words "of Oregon" from the name of the creditor First National Bank from its written collection notice, and included the name "Payco American Companies" in addition to plaintiff's assumed business name "Creditors Protective Association, Inc." Defendant contended that there is no such entity as "Payco American Companies" and that, *ergo,* plaintiff's written collection notice was not in compliance with ORS 646.639. Although the trial court disallowed this particular counterclaim, we do not believe that the counterclaim directed at the omission of the words "of Oregon" was sufficiently frivolous to authorize the allowance of an attorney fee to plaintiff.

■ ■ The amount of attorney fees is a question of fact as to which the trial court has wide discretion. *Garrison v. Cook,* 280 Or 205, 212-13, 570 P2d 646 (1977). Defendant's affidavit in support of attorney fees did not request fees for time expended in her unsuccessful defense of the plaintiff's contract claim. The trial court awarded defendant $2,475 of the $3,662 claimed with respect to time spent prosecuting counterclaims. It is not apparent from the record that the trial court failed to apportion the amount of time spent between prosecuting her successful counterclaim and her unsuccessful counterclaims, for the court disallowed more than 33 percent of the requested fees. Plaintiff's contention on this point likewise cannot be sustained.

Affirmed.