MALOT et al,
*Respondents,*

*v.*

HADLEY et al,
*Appellants.*

(844442-J-2; CA A38667)

740 P2d 804

Karen C. Allan, Medford, argued the cause for appellants. With her on the briefs was Foster & Purdy, Medford.

Walter D. Nunley, Medford, argued the cause and filed the brief for respondents.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen,* Judge.

WARDEN, P. J.

---

* Van Hoomissen, J., *vice* Young, J.

### WARDEN, P. J.

Plaintiffs brought this action for the unpaid balance on a promissory note executed in their favor by defendants. Defendants Hadley, Payne, Ellis, Wayne and McGrew[1] counterclaimed for damages flowing from plaintiffs' alleged failure to pay off a note and mortgage held by a bank. The trial court granted summary judgment for plaintiffs both on their claim and defendants' counterclaim. Defendants appeal. We reverse.

Plaintiffs agreed to sell, and defendants agreed to buy, four parcels of real property, including a small shopping center, for $285,382. The shopping center was subject to three mortgages, all held by the same bank. Defendants agreed to assume the balances due on two of those notes, which totalled $170,382, and gave plaintiffs a promissory note for $115,000. At the same time, plaintiffs orally agreed to pay off the balance of $19,211 on the third note and executed an indemnity agreement which covered all "liability, loss or damage" that defendants might suffer arising from the third note and mortgage. Plaintiffs did not pay the third note according to its terms. Defendants, after making several payments on the two notes that they had assumed, stopped making payments. The bank later foreclosed on the shopping center and bought the property at the sheriff's sale for $244,500. The proceeds from the sale satisfied in full all three notes secured by the property. Defendants made no payments on their note to plaintiffs.

A summary judgment is proper if "there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law." ORCP 47C. As a general rule, the construction of a contract is a question of law. *Timberline Equip. v. St. Paul Fire and Mar. Ins.*, 281 Or 639, 643, 576 P2d 1244 (1978). However, if the court determines that a contract is ambiguous, evidence may be properly admitted showing what the parties intended, and their intention becomes a question of fact. *Oregon Bank v. Nautilus Crane & Equip. Corp.*, 68 Or App 131, 146, 683 P2d 95 (1984). Here, we conclude that the contract between the parties is ambiguous. Defendants contend that plaintiffs' oral promise to pay off the

---

[1] Defendant Tyler was not served with summons and did not appear at trial. Tyler and defendant McGrew are not parties to this appeal, but the judgment is final.

third note and mortgage and plaintiffs' execution of the indemnity agreement were part of the consideration for the sale of the shopping center. They also contend that their liability on the $115,000 note was conditioned on plaintiffs' performance of those agreements. Plaintiffs contend that their agreements to pay off the third note and indemnify defendants for any liability arising from that note were independent of the sale of the shopping center. An issue of fact, therefore, is presented concerning the terms of their contract. Resolution of that issue is relevant, because a party to a contract who alleges that the other party has breached must prove performance of the party's own obligations under the contract, or demonstrate a valid tender of performance that was rejected. *See Huszar v. Certified Realty Co.,* 266 Or 614, 620, 512 P2d 982 (1973). It follows that, if the factfinder determines that defendants' obligation to pay $115,000 was conditioned on plaintiffs' oral agreement to pay the third note when it came due and that plaintiffs breached that agreement, defendants may have been damaged by the amount of the third note which plaintiffs had an obligation to pay.

For the reasons stated, we reverse the judgment in favor of plaintiffs both on their claim and defendants' counterclaim and remand.

Reversed and remanded for further proceedings not inconsistent with this opinion.