Argued and submitted July 17, remanded to award costs to plaintiff, otherwise affirmed November 12, 1987

PACKER,
*Appellant,*

*v.*

WARDWELL et al,
*Respondents.*

(83-1-28; CA A42059)

744 P2d 1312

Fred A. Granata, Portland, argued the cause and filed the briefs for appellant.

Phillip A. David, Portland, argued6the cause for respondents. With him on the brief was Williams, Kastner & Gibbs, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff brought this action for foreclosure of a mortgage given by defendant Devon Wardwell to secure payment of a note. The trial court concluded that the note was usurious and, pursuant to *former* ORS 82.120(5), voided defendant's obligation to pay interest on the note. The court applied all of defendants' payments on the note to the outstanding principal and entered judgment in favor of plaintiff for the amount of the remaining principal. Plaintiff appeals, arguing that the payments made by defendants before plaintiff brought this action should be applied first to the accrued interest and then to the principal, that the trial court should have awarded him costs and that the court erred in awarding a judgment in favor of, and attorney fees to, defendant Selma Wardwell.

On July 12, 1979, defendant Devon Wardwell executed a mortgage on property that he and his wife, defendant Selma Wardwell, owned as tenants in common, to secure a note for $30,000. The note carried an interest rate of 16 percent and was due on January 1, 1980. Defendants made several payments, but did not pay the balance of the note when it was due. In October, 1982,[1] Devon conveyed all of his interest in the property to Selma.

Plaintiff filed his amended complaint in January, 1985, alleging that, at the time when the mortgage was executed, the property was owned by Selma and Devon as tenants by the entirety and that the mortgage encumbered both Selma's original interest in the land as well as the interest that Devon conveyed to her in 1982.

Plaintiff concedes that, at the time when the note was executed, it was usurious. *Former* ORS 82.120(5) provided:

"(5) If it is ascertained in any action brought on any contract that a rate of interest has been contracted for greater than is authorized by this chapter in money, property or other valuable thing, or that any gift or donation of money, property or other valuable thing has been made or promised to be made to a lender or creditor, or to any person for the lender or creditor, either by the borrower or debtor, or by any person for

---

[1] Defendants' brief states that the conveyance was made in October, 1981. Plaintiff's complaint alleges, and defendants admitted, that the conveyance was made in October, 1982.

the borrower or debtor, the design of which is to obtain for money so loaned or for debts due or to become due a rate of interest greater than that specified by the provisions of this chapter, it shall be deemed usurious, and shall work a forfeiture of the entire debt so contracted to the county school fund of the county wherein such action is brought. The court in which such action is prosecuted shall render judgment for the amount of the original sum loaned or the debt contracted, without interest, less all payments made by or for account of the borrower, against the defendant and in favor of the state for the use of the county school fund of the county, and against the plaintiff for costs of action."

That statute was repealed, effective July 21, 1981. Or Laws 1981, ch 412, § 24. The trial court's ruling was made pursuant to the former statute.

Both parties contend that a similar case, *Hazen v. Cook*, 55 Or App 66, 637 P2d 195 (1981), *on reconsideration* 56 Or App 407, 642 P2d 318, *rev'd in part* 293 Or 232, 646 P2d 33 (1982), is determinative of the issue here. The plaintiff in *Hazen* brought an action after the repeal of ORS 82.120(5) to recover on a note that was executed when that statute was in effect. The issue was whether the amendment of the provision establishing a maximum interest rate should be applied retroactively. We held that it did not operate retroactively, but we also concluded that the repeal of the provision of ORS 82.120(5) requiring the plaintiff to forfeit the amount of the principal to the school fund did operate retroactively and that, therefore, the plaintiff was entitled to judgment for the amount of the principal. We made that distinction, because the interest rate provision affected the substantive rights of the parties under the note, whereas the forfeiture provision of the former statute was penal in nature and did not affect the obligor's obligation to pay the principal. 55 Or App at 72. We described the operation of *former* ORS 82.120(5):

"[T]he note, or the obligations of the maker, were not void under the former statutes; if defendant had paid the note, including the interest, he would not have been entitled to obtain repayment. At most, the provision for payment of usurious interest was voidable; it could be avoided by not paying it and by asserting the defense in a lawsuit. The obligation to pay the principal remained, in any event—that is, the principal amount of the debt was not even voidable.

"It is true, however, that under the former statutes defendant could avoid the payment of all interest, if the rate exceeded 10 percent, by asserting the defense of usury, as was done here. The right to do so is more akin to a substantive right than it is to a procedural one."

■ *Former* ORS 82.120(5) excuses the obligor from payment of any interest if the rate is usurious. If payments made were applied first to interest in determining the balance of principal for which judgment should be entered, the court would be requiring the obligor to pay interest, contrary to the statute. Accordingly, we conclude that when the obligor has made partial payments on a note that is usurious under *former* ORS 82.120(5), the payments are properly applied solely to principal if the obligee brings an action on the note.

■ Plaintiff also assigns error to the trial court's refusal to award him costs and the award of costs to defendant Devon Wardwell. Plaintiff argues that he was the prevailing party and that, therefore, he was entitled to costs. *See* ORCP 68B; *Hazen v. Cook,* 293 Or 232, 646 P2d 33 (1982). Defendant contends that *former* ORS 82.120(5) provides for an award of costs in his favor and that plaintiff did not object timely to Devon's cost bill. The record does not reflect the basis for the trial court's award of costs.

The only issue presented to the Supreme Court in *Hazen* was our denial of both parties' petitions for attorney fees. The court reversed on that issue, holding that the plaintiff was the prevailing party under ORS 20.096 and that, therefore, he was entitled to an award of attorney fees. That decision is controlling, and this case is indistinguishable. Plaintiff is the prevailing party and is entitled to costs.[2]

■ ■ Finally, plaintiff assigns error to the trial court's judgment in favor of, and award of attorney fees to, defendant Selma Wardwell. The court entered a judgment of dismissal as to Selma's original undivided one-half interest in the property. Plaintiff alleged in his amended complaint that Selma and Devon owned the property as tenants by the entirety and sought to foreclose the interests of both of them. The court correctly concluded that plaintiff had no lien on Selma's original interest, because she and Devon owned the property as

---

[2] Plaintiff does not assign error to the trial court's refusal to award attorney fees.

tenants in common. Therefore, the court was also correct in awarding attorney fees to Selma as the prevailing party on that part of the claim. ORS 20.096(1).

Remanded to award costs to plaintiff against defendant Devon E. Wardwell, Jr.; otherwise affirmed.