Argued and submitted January 12, reversed and remanded June 27, 1990

Thomas E. MALOT
and Sandra L. Malot,
*Respondents,*

*v.*

Maynard HADLEY,
*Appellant,*

Glen F. PAYNE,
Harold Ellis, Cal Wayne, Ed McGrew
and Lloyd Tyler,
*Defendants.*

(844442-J-2; CA A51077)

794 P2d 833

Karen C. Allan, Medford, argued the cause for appellant. With her on the briefs were Gary C. Peterson and Foster, Purdy, Allan & Peterson, Medford.

Walter D. Nunley, Medford, argued the cause and filed the brief for respondents.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant Hadley appeals, claiming that the trial court erred in determining the amount of damages under defendants' indemnity agreement counterclaim and that it made errors in the award of attorney fees and costs. We reverse.

After our remand in *Malot v. Hadley,* 86 Or App 687, 740 P2d 804, *rev den* 304 Or 280 (1987), the parties submitted this case to the trial court on stipulated facts. Those facts showed that the parties structured a real estate transaction in which plaintiffs sold a shopping center to defendants for $285,382.53. As payment, defendants gave plaintiffs a promissory note dated May 1, 1981, for the full amount of the purchase price. The terms of the May 1 note provided that defendants would assume responsibility for two notes plaintiffs had given a bank with a combined outstanding balance of $170,283.53. Those notes were secured by first and second mortgages on the property. Defendants agreed in the May 1 note to pay plaintiffs the balance of $115,000 in two payments of $57,500 each.

The shopping center property was also subject to a third mortgage that secured a personal note plaintiffs had given the same bank for $19,211.21. Defendants assumed no responsibility for that note. Plaintiffs signed an agreement to indemnify defendants against any and all damage arising from their personal note.

Plaintiffs failed to pay their personal note when it came due. Defendants failed to make payments on the two notes for which they had assumed responsibility. The bank foreclosed on July 3, 1984. The amount that the bank paid for the property at the foreclosure sale was sufficient to satisfy all three notes and associated mortgages. At that time, the balance on plaintiffs' personal note was $35,211.78, reflecting $19,211.21 in principal, plus accrued interest. Defendants did not pay any of the $115,000 due under the May 1 note to plaintiffs. Plaintiffs sued on the May 1 note; defendants counterclaimed on the indemnity agreement.

The parties requested that the trial court "enter the legally appropriate judgment" flowing from the stipulated facts. In a written opinion, the court indicated that the only

issues were whether defendants were entitled to an offset against plaintiffs' judgment on the May 1 note under the indemnity agreement and, if so, in what amount. The court concluded from the stipulated facts that defendants' obligation to pay the May 1 note was conditioned on plaintiffs' agreement to pay their personal note to the bank. Plaintiffs' breach of that agreement was the cause of the foreclosure. The court concluded: "Since the Defendants' land was sold to satisfy the $19,211.21 debt[,] they have suffered damage to that extent."[1] The court offset plaintiffs' judgment on the May 1 note by $19,211.21.

■ Defendant Hadley argues that the court erred because it failed to include the accrued interest due on plaintiffs' personal note in the judgment offset. The amount of the offset, he maintains, should have been $35,211.78, not $19,211.21. We agree.

The trial court made an erroneous legal conclusion that interest due under these circumstances was not covered by the indemnity agreement. The forced sale of defendants' land to satisfy plaintiffs' personal note to the bank is the equivalent of defendants having made a direct payment of $35,211.78 to plaintiffs to be applied against the obligation defendants owed on the May 1 note.

The appropriate calculation is:

| | Interest | Principal | Total |
|---|---|---|---|
| May 1 note principal: | | $115,000.00 | |
| Interest from 5/1/81 to 7/3/84: | $36,516.44 | | |
| Due as of 7/3/84: | | | $151,516.44 |
| Less offset from foreclosure sale: | $35,211.78 | | |
| Interest balance after foreclosure sale: | $ 1,304.66 | | |
| Interest on $115,000.00 from 7/4/84 to 12/3/88: | $50,820.54 | | |
| Total balance due as of 12/3/88: | $52,125.20 | $115,000.00 | $167,125.20 |

---

[1] Plaintiffs question whether the court should have found in defendants' favor on the counterclaim. However, plaintiffs did not cross-appeal from the judgment. Accordingly, we cannot consider the matter. *Credit Service Co. v. Stierly,* 261 Or 510, 516, 495 P2d 270 (1972).

■ The part of the judgment awarding damages on the merits should read: "Judgment in the principal amount of $115,000, with interest as of December 3, 1988, in the amount of $52,125.20 and continuing thereafter on the principal amount of $115,000 at the rate of 10 percent per year until paid."[2]

■ The next assignment of error challenges the award of attorney fees and costs to plaintiffs. Plaintiffs sought attorney fees under a provision of the May 1 promissory note that provides:

> "If this note is placed in the hands of an attorney for collection, we, jointly and severally, agree to pay the reasonable fees and expenses of such attorney even though no suit or action is instituted or no sale of the property has been directed * * *."

In general, attorney fees are not recoverable absent a statute or contractual provision authorizing the award. *Stelljes/Dumler v. State Board of Parole,* 307 Or 365, 368, 769 P2d 177 (1989). Hadley argues that the court lacked the authority to award attorney fees incurred in the first appeal. We agree.

The rule is clear: Attorney fees cannot be allowed *on appeal* in the absence of express language authorizing attorney fees *on appeal. Adair v. McAtee,* 236 Or 391, 396, 388 P2d 748 (1964).[3] The May 1 note does not contain any express language about attorney fees on appeal. It was error for the trial court to award them.

■ Hadley next argues that, with respect to attorney fees incurred at the trial level, the court erred to the extent it awarded fees for the time that plaintiffs' counsel expended defending the counterclaim on the indemnity agreement.

---

[2] The judgment, which was filed on January 3, 1989, awarded plaintiffs "$176,178.00, with interest at 9% per annum from December 3, 1988 until paid." The significance of the December 3, 1988, date is not clear from the record, but we will accept it, because defendants did not object to it.

The promissory note called for 10 percent interest. Consequently, the correct rate of interest on the judgment is 10 percent. ORS 82.010(2)(e).

[3] Observing in 1964 that Oregon cases involving the right to attorney fees were "in hopeless confusion," the Supreme Court stated the rule in *Adair* and urged the legislature to resolve the matter with prospective action. The legislature has not acted. The rule in *Adair* is still the law.

Hadley claims that it is a violation of Oregon law and unreasonable to award plaintiffs attorney fees for litigating issues on which they lost.

Hadley argues that the only issues actively litigated were whether the indemnity agreement applied and, if so, the amount of the offset. He contends that our cases instruct a trial court, in calculating reasonable attorney fees, to include fees incurred only on those issues on which a party prevails. He cites three cases: *Creditors Protective Assoc. v. Britt,* 58 Or App 230, 648 P2d 414 (1982); *Flight Dynamics, Inc. v. Questech Capital Corp.,* 76 Or App 166, 708 P2d 1173 (1985), *rev den* 300 Or 563 (1986); and *Express Creditcorp v. Oregon Bank,* 95 Or App 121, 767 P2d 493 (1989).

In each of those cases, we held that it was *not* an abuse of discretion for a trial judge to apportion attorney fees for the reason advocated by Hadley. Here, however, the issue turns on a more fundamental principle involved in the award of attorney fees in cases involving multiple claims.

The indemnity agreement at issue here has no provision for attorney fees; no statute has been cited that authorizes attorney fees. The attorney fees provision in the May 1 note quoted above applies only to "collection" efforts *on the note.* Fees incurred in the defense of the counterclaim on the indemnity agreement are not efforts to "collect" on the note and are not subject to that provision.

In *King v. Talcott,* 80 Or App 701, 705-06, 723 P2d 1058, *rev den* 302 Or 158 (1986), we drew a distinction between a reformation claim and an implied easement claim. The contractual language in that case allowed attorney fees on one claim, but not the other. The same reasoning applies in the context of a counterclaim. Plaintiffs' request for attorney fees included all of the time billed for the entire case. The trial court awarded plaintiffs all of the fees requested. The trial court committed a legal error. It was required to segregate, if possible, attorney fees incurred in enforcing the May 1 note from fees incurred in defending the indemnity agreement.

■    A trial court is given wide discretion in making the necessary factual determinations imposed by the legal requirement to segregate claims that are covered by an attorney fees provision from those that are not. *Orendain v. Meyer*

*Square Ltd.,* 97 Or App 608, 611, 776 P2d 1309, *rev den* 308 Or 593 (1989). On remand, the trial court should exercise its discretion.

■       Finally, Hadley argues that the trial court erred in its award of costs and disbursements in two respects. First, he claims that the court lacked authority to award as costs and disbursements the $60 filing fee that plaintiffs paid on the first appeal. We agree. The authority to award costs on appeal lies with this court, not with the trial court. ORS 20.310(1). The trial court erred.

■       Second, Hadley claims that it was improper to award the $248.21 paid to a court reporter for deposition services. Once again, we agree. In the promissory note, defendants agreed to pay "the reasonable * * * expenses" of the note-holders' attorney. The proper analysis is to determine what the parties intended by the term "expenses." In the absence of language evidencing a contrary intent, we think it reasonable to conclude that the parties intended the undefined contractual term "expenses" to mean those costs and disbursements provided for by statute or rule at the time the cost bill was submitted.

ORCP 68A(2) defines "costs and disbursements" as the "reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services * * *." It states that "[t]he expense of taking depositions shall not be allowed, even though the depositions are used at trial, except as otherwise provided by rule or statute." The parties cite no rule or statute that would invoke the exception. The trial court's allowance of the expenses of taking the deposition was error.

Reversed and remanded for proceedings not inconsistent with this opinion.