Argued and submitted November 17, 1993, vacated in part; otherwise affirmed
May 4, 1994

Kenneth D. SKAGGS,
*Appellant,*

*v.*

Hans HENDGEN
and Shauna Hendgen,
husband and wife,
Jay Brush,
*Defendants,*

*and*

Lisa MEYER,
*Respondent.*

(88-2-123; CA A67835)

874 P2d 93

Jossi Davidson argued the cause for appellant. With him on the briefs was Gracey & Davidson.

Lex F. Page argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

RIGGS, J.

---

* Haselton, J., *vice* Durham, J.

## RIGGS, J.

Plaintiff appeals from a judgment for defendant Lisa Meyer (Meyer) on a counterclaim awarding her the principal and interest owing on a note. Plaintiff assigns error to the denial of his motion for directed verdict and to the award of attorney fees. We reverse the award of interest on the note and affirm the award of attorney fees.

Plaintiff is a logger who needed money. Defendant Hendgen[1] arranged for plaintiff to borrow $20,000 from Meyer. In exchange, plaintiff signed a promissory note obligating him to repay Meyer $20,000, plus a $4,000 premium by the end of one month, with interest at 12 percent per annum thereafter. Pursuant to ORS 82.020(1), the $4,000 premium is considered interest on the loan.[2] A portion of the loan was repaid, but the relationship soured and eventually plaintiff sued Meyer and others on a number of theories. Meyer counterclaimed on the note.

■    After all the evidence was presented, plaintiff moved against Meyer's counterclaim for the interest on the note.[3] Plaintiff argued that Meyer forfeited her right to any interest because the interest rate was in excess of the legal maximum. ORS 82.010(3) and (4).[4] The court denied the motion and

---

[1] Plaintiff was awarded judgment against Hendgen. Hendgen does not appeal that judgment and is not a party to this appeal.

[2] ORS 82.020(1), provides, in part:

"If, pursuant to any arrangement, understanding or agreement, with the knowledge of the lender, there is paid by or at the expense of the borrower to the lender * * * with respect to or in connection with any loan to which ORS 82.010 applies, any commission, bonus, fee, premium, penalty or other charge * * * the same shall be deemed a part of the interest charged on such loan."

[3] Plaintiff assigns error to the denial of his motion for directed verdict in which he sought to remove the issue of Meyer's counterclaim for interest from the jury. Technically, that motion was incorrect; plaintiff should have requested a peremptory instruction. *NW Pac. Indem. v. Junction City Water District*, 296 Or 365, 372 n 1, 677 P2d 671 (1984). That error was not brought to the attention of the trial court or this court. Nevertheless, because the effect of both a peremptory instruction and a directed verdict is to remove issues from the jury's consideration, and because it is clear from the record that plaintiff moved separately against the claim for an award of interest and that the court ruled on that specific motion, we treat the motion as sufficient for review. *Whinston v. Kaiser Foundation Hospital*, 309 Or 350, 360 n 11, 788 P2d 428 (1990); *Childers v. Spindor*, 91 Or App 119, 122 n 3, 754 P2d 599 (1988).

[4] ORS 82.010(3)(a) and (4) provide, in part:

"Except as provided in ORS 82.025, no person shall:

instructed the jury that the interest rate on the note exceeded the legal rate of interest, but it must find that Meyer acted with a "corrupt intent" for the penalties in ORS 82.010(4) to be enforced.

The jury found for Meyer on her counterclaim, and awarded damages in the amount of the unpaid principal and interest, including the premium. The court partially granted plaintiff's motion for judgment n.o.v., disallowing the award of interest in the form of the $4,000 premium, but entering judgment for the unpaid principal and the other interest. The court also awarded Meyer $14,000 in attorney fees.

■ Both parties agree that the interest rate on the note exceeds the legal rate in ORS 82.010(3). Plaintiff argues that the court erred in requiring the lender to have acted with a corrupt intent before enforcing the penalties of ORS 82.010(4).

The trial court found the requirement of a corrupt intent in *Prudential Ass'n v. Stevens*, 144 Or 298, 306, 14 P2d 296, 23 P2d 901 (1933), in which the Supreme Court said:

" 'But, notwithstanding the contract appears usurious on its face, and the natural inference to be drawn therefrom is that the parties intended the results of their own acts, yet there is another element which must attend the practice of usury. It must be with a corrupt intent, which means that the parties must have knowingly agreed upon a rate of interest greater than that allowed by law * * *. But, where they have acted under an honest belief that the stipulated rate was recoverable under the law, in which they were mistaken, it has been held that the penalties of usury would not be enforced * * *.' " (Quoting *Washington Investment Association v. Stanley*, 38 Or 319, 63 P 489 (1901).)

"(a) Make a business or agricultural loan of $50,000 or less at an annual rate of interest exceeding the greater of 12 percent, or five percent in excess of the discount rate * * * on 90 day commercial paper in effect at the Federal Reserve Bank in the Federal Reserve district where the person making the loan is located, on the date the loan or the initial advance of funds under the loan is made.

"* * * * *

"(4) Any person who violates subsection (3) of this section shall forfeit the right to collect or receive any interest upon any loan for which a greater rate of interest or consideration than is permitted by subsection (3) of this section has been charged, contracted for or received. The borrower upon such loan shall be required to repay only the principal amount borrowed."

Although not explicit in the opinion, the requirement of corrupt intent was based on language in the usury statute then in effect, 3 Oregon Code Annotated (1930), § 57.1203, which provided, in part:

> "If it shall be ascertained in any suit or action brought on any contract that a rate of interest has been contracted for greater than is authorized by this chapter * * * *the design of which* is to obtain for money so loaned * * * a rate of interest greater than that specified by the provisions of this chapter, the same shall be deemed usurious, and shall work a forfeiture of the entire debt so contracted * * *." (Emphasis supplied.)

Section 57.1203 required that the interest rate must have been "designed," or intended, to exceed the legal amount for forfeiture to occur.

Our most recent case discussing the requirement of corrupt intent is *Hazen v. Cook*, 55 Or App 66, 637 P2d 195 (1981), *mod* 56 Or App 407, 642 P2d 318, *rev'd in part on other grounds*, 293 Or 232, 646 P2d 33 (1982). The usury statute at issue there was *former* ORS 82.120(5) (*repealed by* Or Laws 1981, ch 412, § 24), which is almost identical to the statute at issue in *Prudential Ass'n v. Stevens, supra*. We thus applied the *Prudential Ass'n* analysis and required a showing of corrupt intent before enforcing the penalty for usury. 55 Or App at 70.

In 1981, the legislature repealed ORS 82.120(5) and enacted ORS 82.010. ORS 82.010(3) provides that no person shall make a loan of less than $50,000 with an interest rate exceeding the greater of 12 percent or 5 percent over the Federal Reserve 90-day discount rate in effect. ORS 82.010(4) provides:

> "Any person who violates subsection (3) of this section shall forfeit the right to collect or receive any interest upon any loan for which a greater rate of interest or consideration than is permitted by subsection (3) of this section has been charged, contracted for or received. The borrower upon such loan shall be required to repay only the principal amount borrowed."

We must now determine whether the requirement of a corrupt intent, as found in *Prudential Ass'n v. Stevens, supra*, and *Hazen v. Cook, supra*, survives the repeal of

ORS 82.120(5) and enactment of ORS 82.010(4). When the two statutes are compared, it is apparent that ORS 82.010 is not a simple amendment of *former* ORS 82.120(5). There are significant differences between the two statutes. For example, the penalty for a usurious rate of interest has changed. Under the earlier statute, a usurious interest rate caused the entire loan amount, principal and interest, to be forfeited. Under ORS 82.010(4), only the interest is subject to forfeiture. More importantly for this case, ORS 82.010(4) does not include any language requiring a showing of intent or language similar to "the design of which" in *former* ORS 82.120(5).

ORS 174.010 requires that, when a court interprets a statute, the court must not "insert what has been omitted or omit what has been inserted." ORS 82.010(4) omitted the language of *former* ORS 82.120(5) requiring that the rate of interest be one "the design of which" is to exceed the legal rate. It was that language that formed the basis of the requirement of a corrupt intent in *Prudential Ass'n* and *Hazen*. Because that language was omitted from the new usury statute, the requirement of a corrupt intent cannot be inserted into the new statute. ORS 174.010. Accordingly, we hold that a loan with an interest rate that exceeds the legal rate contained in ORS 82.010(3) does not require proof of a "corrupt intent" for the penalties in ORS 82.010(4) to be enforced. The trial court erred in allowing defendant's demand for interest to go to the jury.

■ Plaintiff next assigns error to the award of attorney fees. Because attorney fees were recoverable on only some of defendant's claims, the court was required to apportion fees between those claims for which fees were recoverable and those claims for which fees were not recoverable. *Malot v. Hadley*, 102 Or App 336, 794 P2d 833 (1990). Plaintiff argues that the court made no findings and, without findings, we cannot presume that any such apportionment took place. We review this assignment for abuse of discretion. *Redler and Redler*, 112 Or App 203, 208, 827 P2d 1363 (1992).

■ A similar issue arose in *Creditors Protective Assoc. v. Britt*, 58 Or App 230, 648 P2d 414 (1982). In that case, the parties were entitled to attorney fees only for those claims on which they prevailed. The defendant prevailed on only one of

her four counterclaims but she requested attorney fees on all. The trial court awarded only a portion of the attorney fees requested. In upholding the trial court's award of attorney fees, we said:

> "It is not apparent from the record that the trial court failed to apportion the amount of time spent between prosecuting her successful counterclaim and her unsuccessful counterclaims, for the court disallowed more than 33 percent of the requested fees." 58 Or App at 235.

As we recognized in *Creditors Protective Assoc.*, when a court's action can be interpreted in two ways, one of which leads to the conclusion that the court acted properly and the other leading to a reversal, we will presume that the court acted properly, unless a party can demonstrate that the court did not to so.[5] In this case, defendant requested more than $18,000 in fees and the court awarded $14,000. On this record, we cannot tell whether the disparity between the amount requested and the amount awarded reflects an adjustment to a reasonable fee or an apportionment. In the absence of any indications to the contrary, we presume the court made an appropriate apportionment. Accordingly, we cannot say that the trial court abused its discretion in the award of attorney fees.

Award of interest on the note vacated; otherwise affirmed.

---

[5] In *Malot v. Hadley, supra*, defendant was able to demonstrate that no apportionment took place because the prevailing party's request for attorney fees included all of the time billed for the entire case and the court awarded all of the requested fee. 102 Or App at 341. *See also* ORCP 68C(4)(c)(ii) (when a court awards or denies attorney fees, "No findings of fact or conclusions of law shall be necessary)."