On respondent's petition for attorney fees filed August 12, 1993, petition denied
June 1, 1994

## RPR LANDHOLDING PARTNERSHIP,
a California general partnership;
The Phoenix Partnership,
a California general partnership;
*Appellants,*

*v.*

## SAFEWAY STORES, INCORPORATED,
a Maryland corporation,
*Respondent.*

(89-4220-ZL-2; CA A75305)

879 P2d 186

Rex Armstrong, Delbert D. Miller and Bogle & Gates for petition.

Kim Buckley and Esler, Stephens & Buckley, *contra.*

Before Riggs, Presiding Judge, and De Muniz and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Defendant petitions for attorney fees. We deny the petition.

Plaintiffs sued defendant for breach of contract. Defendant moved for summary judgment on the ground that it was not a party to the contract on which plaintiffs sued. The trial court granted the summary judgment motion and entered judgment in favor of defendant. We affirmed without opinion. *RPR Landholding Partnership v. Safeway Stores, Inc.*, 122 Or App 152, 856 P2d 346, *rev den* 318 Or 171 (1993). Defendant then filed a petition for attorney fees incurred in preparing the appeal. In support of its petition, defendant relies on an attorney fee provision in the contract that formed the basis for plaintiffs' lawsuit:

> "12. Attorneys' Fees. In the event any party hereto brings or commences legal proceedings to enforce any of the terms of this agreement, the successful party in such action shall then be entitled to receive and shall receive from the other of said parties, in every such action commenced, a reasonable sum as attorneys' fees and costs, to be fixed by the court in the same action."

Plaintiffs object, arguing that defendant cannot successfully assert that it is not a party to a contract and then petition for attorney fees on the basis of the same contract. According to plaintiffs, defendant could recover fees under the contract only if it were a party to that contract, and we have affirmed the trial court's decision that defendant was not.

We need not decide the issue plaintiffs raise. Even if, as a general proposition of law, the successful assertion that one was not a party to the contract does not preclude recovery of attorney fees under the terms of that contract, the terms of the contract provision on which defendant relies in this case do not provide defendant a basis for claiming attorney fees.

In *Malot v. Hadley*, 102 Or App 336, 794 P2d 833 (1990), we said:

> "The rule is clear: Attorney fees cannot be allowed *on appeal* in the absence of express language authorizing attorney fees *on appeal*." 102 Or App at 340 (emphasis in original; citation omitted); *see also McMillan v. Golden*, 262 Or 317,

321-22, 497 P2d 1166 (1972); *Walker v. Jacobsen*, 56 Or App 141, 143, 641 P2d 587, *rev den* 293 Or 146 (1982).

The provision in this case does not specifically provide for the recovery of attorney fees *on appeal*. Absent such a specific provision, attorney fees on appeal may not be awarded.

Petition denied.