**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEREK ALLAN OFENHAM,

                Petitioner - Appellant,

v.

RICK COURSEY,

                Respondent - Appellee.

No. 14-35994

D.C. No. 2:13-cv-00006-HU

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted March 8, 2016
Portland, Oregon

Before: FISHER, BERZON, and WATFORD, Circuit Judges.

Petitioner Derek Allan Ofenham appeals from the denial of his petition for

writ of habeas corpus. We affirm.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. The extremely narrow exorbitant application exception to procedural default does not apply. *See Lee v. Kemna*, 534 U.S. 362 (2002). As to the Oregon Court of Appeals' conclusion regarding Ofenham's claim concerning the need for new *Miranda* warnings after the polygraph test ("second *Miranda* warning argument"), Ofenham's lawyer agreed at oral argument that had there been no Stipulation Agreement, Ofenham's second *Miranda* warning argument properly would have been procedurally defaulted under Oregon's preservation rule. There were no sudden, extreme, or otherwise unique circumstances that prevented Ofenham's trial counsel from raising the second *Miranda* warning argument in his motion to suppress or during the hearing on the motion to suppress.

2. Ofenham's primary submission is that the Oregon Court of Appeals' construction of the post-conviction judgment was incorrect. The Oregon Court of Appeals considered the context of the parties' arguments in the post-conviction court and the language of the post-conviction judgment. It concluded that the intent was not "to waive *all* requirements of preservation. Rather, the parties and the post-conviction court intended to enable defendant . . . to appeal the issues that he had raised in the hearing on the motion to suppress." The intent of the parties to a contract is a question of fact. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983); *Malot v. Hadley*, 86 Or. App.

687, 689 (1987). On collateral review, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Ofenham has failed to provide clear and convincing evidence that the Oregon Court of Appeals' interpretation of the parties' and post-conviction court's intent was incorrect.

**AFFIRMED.**